IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRISTINE WILLIAMS, on behalf of herself and others similarly situated, | FILED ELECTRONICALLY ON FEBRUARY 15, 2021 |
| Plaintiff, | |
| v. | CLASS/COLLECTIVE ACTION |
| LIBERTY HEALTHCARE CORPORATION and ADVANCE SOURCING CONCEPTS LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Cristine Williams ("Plaintiff") brings this lawsuit against Liberty Healthcare Corporation ("Liberty") and Advance Sourcing Concepts LLC ("Advance"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.[1]

---

[1] This action is related to *Anderson v. Liberty Healthcare Corp. and Sargent's Personnel Agency, Inc.*, 2:20-cv-03014-WB. In *Anderson*, the originating plaintiff – represented by the undersigned – asserts that (i) she was jointly employed by Liberty and a third-party staffing agency called Sargent's Personnel Agency, Inc. ("Sargent's") to work as an adult protective services caseworker/investigator and (ii) that Liberty and Sargent's violated the FLSA and PMWA by failing to pay overtime wages to her and similarly-situated caseworkers/investigators. After some initial discovery, the *Anderson* parties reached an agreement whereby the FLSA claim was "conditionally certified" for the following putative collective: "all individuals employed as Protective Services Caseworkers in connection with Liberty's contract with the Commonwealth of Pennsylvania to provide Adult Protective Services in accordance with Act 70 during any time since June 22, 2017." *Anderson* ECF No. 21 at 3. Per the *Anderson* conditional certification order, Liberty and Sargent's provided the undersigned with a list containing the names and address of 116 individuals who purportedly fell within the conditionally certified collective. Notice ensued, and around 40 individuals have opted-in the *Anderson* collective. However, during the *Anderson* notice process, the undersigned received inquiries from a few individuals who worked for Liberty as investigators/caseworkers but did not receive notice

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Pittsburgh, PA (Allegheny County).

5. Liberty is a corporation headquartered in Bala Cynwyd, PA (Montgomery County).

6. Advance is a corporation headquartered in Pittsburgh, PA (Allegheny County).

7. Liberty and Advance are referred to collectively as "Defendants."

8. Plaintiff is an employee covered by the FLSA and PMWA.

9. Defendants are employers covered by the FLSA and PMWA.

## FACTS

10. Pennsylvania's Adult Protective Services Act ("APS Act"), 35 P.S. §§ 10210.101, *et seq.*, generally requires the Pennsylvania Department of Human Services ("DHS") to ensure "the consistent and timely investigation of allegations of abuse, neglect, exploitation, or abandonment of adults with disabilities; the prevention of abuse, neglect, exploitation, or abandonment of adults with disabilities and, when necessary, the provision of services to adults with disabilities who are found to be victims of abuse." DHS Adult Protective Services Annual Report for Fiscal Year 2016-17 at p. 1.[2]

---

forms. It soon became apparent that these individuals were paid by Liberty through Advance, an additional staffing agency not named in the *Anderson* lawsuit. Plaintiff was such an individual.

[2] Available at https://www.dhs.pa.gov/about/Fraud-And-Abuse/Pages/Adult-Protective-Services.aspx (last viewed February 15, 2021).

11. Since April 2015, DHS has contracted with Liberty to provide the adult protective services required by the APS Act.  *See id.*

12. Pursuant to the applicable contract, "Liberty receives allegations of abuse, neglect, exploitation, or abandonment, that are referred by a statewide hotline operated and maintained by the Pennsylvania Department of Aging (PDA) through the Area Agencies on Aging (AAA)."  *Id.*

13. In carrying out its contractual obligations to DHS, Liberty employs individuals who "conduct[] investigations of allegations of abuse, neglect, abandonment and/or exploitation of adults who have disabilities."[3]  These individuals are generally referred to as, *inter alia*, "caseworkers," "case managers," and "investigators."  *See*, *e.g.*, note 1 *supra* (explaining that *Anderson* conditional certification order refers to such individuals as "Protective Services Caseworkers").  Going forward, we refer to such individuals as "investigators."

14. The investigator position does not require a master's degree, and successful applicants can have bachelor's degrees in a wide variety of subject areas.

15. Liberty pays some of its investigators through Advance, a Pittsburgh-based staffing agency.

16. Until around May 2018, Plaintiff worked for Liberty as an investigator and was paid through Advance.

17. Plaintiff, like other investigators, regularly worked over 40 hours per week.  Specifically, Plaintiff estimates that she worked over 60 hours during a typical week.

18. Plaintiff, like other investigators, did not receive any overtime pay for hours worked over 40 per week.  In failing to pay overtime, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

---

[3]  Available at https://www.libertyhealthcare.com/careers/ (last viewed February 15, 2021).

19.     There is no meaningful difference between the day-to-day work responsibilities and activities of investigators paid directly by Liberty and those paid by Advance.  For example, Plaintiff utilized the same computer programs/platforms and followed the same investigatory protocols utilized by investigators paid directly by Liberty.

20.     Plaintiff's investigations were assigned, overseen, and directed by Liberty.  Upon information and belief, Advance does not employ staff who are trained or certified to oversee the investigatory work performed by Plaintiff.

21.     Liberty set the work rules and expectations applicable to Plaintiff's employment. Its supervisors were directly responsible for evaluating Plaintiffs' performance and were authorized to discipline Plaintiff and terminate her employment.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings her PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23.  She sues on behalf of all investigators (as broadly defined in paragraph 13 *supra*) who worked in Pennsylvania since June 22, 2017 and were paid by Advance or any of its subsidiary, parent, or affiliate companies.

23.     Plaintiff's FLSA claim should proceed as a collective action because she and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

24.     Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

25.     The class, upon information and belief, includes over 40 individuals, all of whom

are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

26. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

27. Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

28. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendants' common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

29. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
**(Alleging FLSA Violations)**

30. All previous paragraphs are incorporated as though fully set forth herein.

31. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

32. Defendants violated the FLSA by failing to pay Plaintiff and the FLSA collective overtime premium compensation for all hours worked over 40 per week.

33. In violating the FLSA, Defendants acted willfully and with reckless disregard of

clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

34. All previous paragraphs are incorporated as though fully set forth herein.

35. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

36. Defendants violated the PMWA by failing to pay Plaintiff and the Rule 23 class overtime premium compensation for all hours worked over 40 per week.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Date: February 15, 2021                                                    Respectfully,

                                                                           /s/ Peter Winebrake

                                                                           _____
                                                                           Peter Winebrake
                                                                           R. Andrew Santillo
                                                                           Mark J. Gottesfeld
                                                                           Winebrake & Santillo, LLC
                                                                           715 Twining Road, Suite 211
                                                                           Dresher, PA 19025
                                                                           (215) 884-2491

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_____ 1/9/2021
Signature

Cristine M. Williams
Print Name