IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAJANAE ANDERSON, on behalf of herself and others similarly situated, | : : : : | 2:20-cv-03014-RAL |
| v. | : : | |
| LIBERTY HEALTHCARE CORPORATION and SARGENT'S PERSONNEL AGENCY, INC. | : : : : | |
| CRISTINE WILLIAMS, on behalf of herself and others similarly situated,  Plaintiff, | : : : : : | 2:21-cv-00691-RAL |
| v. | : : | |
| LIBERTY HEALTHCARE CORPORATION and ADVANCE SOURCING CONCEPTS LLC | : : : : | |

## COLLECTIVE ACTION SETTLEMENT AGREEMENT

Originating Plaintiffs (as defined below) and Defendants (as defined below) STIPULATE and AGREE as follows:

**1.     Definitions.** The following terms have the following meanings:

 **"Actions"** means the above-captioned actions.

**"Agreement"** means this "Collective Action Settlement Agreement."

**"Approval Date"** means the date on which the Court enters an order approving the Settlement as fair and reasonable and dismissing the Actions with prejudice.

**"Approval Motion"** means the motion to be filed by Plaintiffs' Counsel attaching a copy of the Agreement and requesting that the Court enter an order approving the Settlement as fair and reasonable and dismissing the Actions with prejudice.

**"Court"** means the United States District Court for the Eastern District of Pennsylvania.

**"Defendants"** means Liberty Healthcare Corporation, Sargent's Personnel Agency, Inc., and Advance Sourcing Concepts LLC.

**"Defense Counsel"** means Liberty Counsel and Sargent's/Advance Counsel.

**"Employer-Side Taxes"** means those payroll taxes and withholdings ordinarily borne by employer's pursuant to ordinary payroll practices (*e.g.*, the employer's share of FICA, FUTA, and state unemployment taxes).

**"Liberty Counsel"** means Marshall Dennehey Warner Coleman & Googin, P.C.

**"Originating Plaintiffs"** means Tajanae Anderson and Cristine Williams.

**"Parties"** means Plaintiffs and Defendants.

**"Payor"** means the entity or entities chosen by Defendants to make payments and issue IRS W-2 or IRS 1099 Forms required under this Agreement. Nothing prevents a Defendant from serving as a Payor.

**"Payout Amount"** means, for each Plaintiff, the amount listed on **Exhibit A**. The listed amounts assume the Court will approve Plaintiffs' Counsel's request for $169,000.00 in combined attorney's fees and litigation expenses and for $5,000.00 service awards to each Originating Plaintiff. If the Court disapproves any portion of the requested fees, expenses, or service awards, each Plaintiff's Payout Amount will be increased by an amount representing his/her *pro rata* share of the disapproved monies.

**"Payment Date"** means 28 calendar days after the Approval Date.

**"Plaintiffs"** means Originating Plaintiffs and the other 48 individuals who have joined this action pursuant to 29 U.S.C. § 216(b). The 50 Plaintiffs are listed in **Exhibit A.**

**"Plaintiffs' Counsel"** means Winebrake & Santillo, LLC.

"**Release Form**" means the form attached as **Exhibit B**.

"**Released Parties**" means Defendants and any of their parents, franchisors, partners, subsidiaries, owners, officers, directors, affiliates, predecessors, agents, employees, successors, assigns, representatives, and/or other persons or entities acting on Defendants' behalf.

"**Sargent's/Advance Counsel**" means Margolis Edelstein.

"**Settlement**" means the terms and conditions described in this Agreement.

2. **Maximum Payment Amount.**  Defendants' total payment under this Settlement will not under any circumstances exceed $585,000.00 plus any Employer-Side Taxes associated with the Payout Amounts.

3. **Condition Precedent.**  This Settlement is conditioned on passage of the Approval Date.

4. **Release.**  Upon passage of the Approval Date and Defendants' fulfillment of all payment obligations arising under this Agreement, ***each Plaintiff*** (on behalf of himself/herself and his/her heirs, spouses, executors, assigns, and representatives) who signs a Release Form releases and forever discharges the Released Parties from all legal or equitable claims (including, but not limited to, claims for the reimbursement of liquidated damages, interest, penalties, attorney's fees and litigation costs and expenses) arising prior to the Approval Date and either asserted in or reasonably related to the Actions, including all such claims for unpaid regular or overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.*, or any other federal, state, or local statute, regulation, rule, or common law theory.  In addition, ***each Defendant*** releases and forever discharges any cross-claims that relate to the subject matter of the Action and have been or could have been

asserted against any other Defendant.

5.   **Payments to Plaintiffs.**  By the Payment Date, Payor will issue to each Plaintiff who has returned a signed Release Form and an IRS W-4 Form a payroll check in the gross amount his/her Payout Amount[1] for which an IRS W-2 form will issue.  These checks will be delivered to Plaintiffs' Counsel, who will promptly mail or deliver the checks to each Plaintiff for whom a check has been issued.  As reflected in the Release Form, each Plaintiff is solely responsible for the payment of any taxes associated with his/her payment.  If any check remains uncashed 140 calendar days after the Payment Date, Payor may issue a stop payment on the check and retain the associated funds.

6.   **Payments to Plaintiffs' Counsel.**  Plaintiffs' Counsel will seek (and Defendants will not oppose) Court approval of attorney's fees and expenses totaling $179,000.00.  Moreover, Plaintiffs' motion for judicial approval of the settlement will prominently seek the Court's permission to pay from the total amount of any Court-approved fees and expenses $5,000.00 service awards to each Originating Plaintiff.  By the Payment Date, Payor will mail to Plaintiffs' Counsel a non-payroll check made payable to Plaintiffs' Counsel and equaling any Court-approved payment to Plaintiffs' Counsel.  Payor will issue to Plaintiffs' Counsel an IRS 1099 Form reflecting such payment, and Plaintiffs' Counsel is solely responsible for the payment of any taxes associated with such payment.  Moreover, if the Court allows Plaintiffs' Counsel to make service award payments to the Originating Plaintiffs, Plaintiffs' Counsel shall be solely responsible for issuing IRS 1099 Forms to each Originating Plaintiff reflecting such service award payments, and Plaintiff's Counsel and Originating Plaintiffs shall be solely responsible for

---

[1]  The gross amount (i) will be reduced by all taxes and withholdings ordinarily borne by employees pursuant to Payor's ordinary payroll practices and (ii) will *not* be reduced by Employer-Side Taxes.

the payment of taxes associated with such service award payments.

7. **Entire Agreement.** This Agreement embodies the entire agreement between Plaintiffs (on one hand) and Defendants (on the other hand) and controls over any prior communications. In entering into the Settlement, no Plaintiff has relied on any representations by Defendants not explicitly contained in this Agreement.

8. **Communications with Media**. Originating Plaintiffs and Plaintiffs' Counsel will refrain from issuing any press release addressing the Settlement or contacting media representatives. If contacted by media representatives, Originating Plaintiffs and Plaintiffs' Counsel may state that the Parties amicably resolved the dispute and may direct the media representative to the public record.

9. **Successors.** The Settlement and this Agreement will inure to the benefit of and be binding upon the Parties' heirs and successors.

10. **No Admissions.** Nothing in this Agreement constitutes an admission or suggestion of liability by any Party. Defendants deny any wrongdoing and continue to assert that, absent this Settlement, they ultimately would prevail in the Action.

11. **Court Approval Not Obtained.** If the Court does not approve the Settlement, the Parties' litigation positions will return to the *status quo ante* and, for example, Defendants will not have waived, compromised, or impacted any objections or defenses to Plaintiffs' legal claims or the propriety of collective litigation. Nor will Defendant have waived, compromised, or impacted their cross-claims against each other or any defenses to such cross-claims.

12. **Duty to Defend.** The Parties will cooperate to accomplish the terms of this Agreement in a reasonable, practicable, and expeditious manner.

13. **Warranty of Authority.** Each signatory to this Agreement warrants and

represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

14. **Applicable Law.** This Agreement is governed and construed pursuant to Pennsylvania law.

15. **Written Modifications.** This Agreement may not be modified except by a written agreement signed by all Parties and approval by the Court.

16. **Execution.** This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement. Signatures to this Agreement may be transmitted by facsimile or electronic scan, and such signatures shall be deemed legally valid and binding upon the Party transmitting the same, and such signatures shall be treated as originals.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

| | |
|---|---|
| _[signature]_ <br> Tajanae Anderson | 9/24/2021 <br> Date |
| Cristine Williams | Date |
| For Winebrake & Santillo, LLC | Date |
| For Liberty Healthcare Corporation | Date |
| _[signature]_, President <br> For Sargent's Personnel Agency, Inc. | 9/29/2021 <br> Date |
| For Advance Sourcing Concepts LLC | Date |

represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

14. **Applicable Law.** This Agreement is governed and construed pursuant to Pennsylvania law.

15. **Written Modifications.** This Agreement may not be modified except by a written agreement signed by all Parties and approval by the Court.

16. **Execution.** This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement. Signatures to this Agreement may be transmitted by facsimile or electronic scan, and such signatures shall be deemed legally valid and binding upon the Party transmitting the same, and such signatures shall be treated as originals.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____          _____
Tajanae Anderson                                      Date
                                                                      9/28/2021
_____          _____
Cristine Williams                                         Date

_____          _____
For Winebrake & Santillo, LLC                 Date

_____          _____
For Liberty Healthcare Corporation         Date

_____          _____
For Sargent's Personnel Agency, Inc.     Date

_____          _____
For Advance Sourcing Concepts LLC       Date

represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

14. **Applicable Law.** This Agreement is governed and construed pursuant to Pennsylvania law.

15. **Written Modifications.** This Agreement may not be modified except by a written agreement signed by all Parties and approval by the Court.

16. **Execution.** This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement. Signatures to this Agreement may be transmitted by facsimile or electronic scan, and such signatures shall be deemed legally valid and binding upon the Party transmitting the same, and such signatures shall be treated as originals.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____   _____
Tajanae Anderson                                                      Date

_____   _____
Cristine Williams                                                       Date

*[signature]*

_____   September 27, 2021
For Winebrake & Santillo, LLC                            Date

_____   _____
For Liberty Healthcare Corporation                    Date

_____   _____
For Sargent's Personnel Agency, Inc.                  Date

_____   _____
For Advance Sourcing Concepts LLC                   Date

represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

14. **Applicable Law.**  This Agreement is governed and construed pursuant to Pennsylvania law.

15. **Written Modifications.**  This Agreement may not be modified except by a written agreement signed by all Parties and approval by the Court.

16. **Execution.**  This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.  Signatures to this Agreement may be transmitted by facsimile or electronic scan, and such signatures shall be deemed legally valid and binding upon the Party transmitting the same, and such signatures shall be treated as originals.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____     _____
Tajanae Anderson                                         Date

_____     _____
Cristine Williams                                           Date

_____     _____
For Winebrake & Santillo, LLC                    Date

_____     ____9-30-21____
For Liberty Healthcare Corporation           Date

_____     _____
For Sargent's Personnel Agency, Inc.        Date

_____     _____
For Advance Sourcing Concepts LLC         Date

represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

14. **Applicable Law.** This Agreement is governed and construed pursuant to Pennsylvania law.

15. **Written Modifications.** This Agreement may not be modified except by a written agreement signed by all Parties and approval by the Court.

16. **Execution.** This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement. Signatures to this Agreement may be transmitted by facsimile or electronic scan, and such signatures shall be deemed legally valid and binding upon the Party transmitting the same, and such signatures shall be treated as originals.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____          _____
Tajanae Anderson                                              Date

_____          _____
Cristine Williams                                              Date
   —DocuSigned by:                                        9/28/2021
   [signature]
   —4D0797C88258460—
For Winebrake & Santillo, LLC                    Date

_____          _____
For Liberty Healthcare Corporation          Date

_____          _____
For Sargent's Personnel Agency, Inc.        Date
Judith P. Deenhard                                      9/30/21
For Advance Sourcing Concepts LLC        Date
member

# Exhibit A

# EXHIBIT A

| Last Name | First Name | Payment Amount |
|---|---|---|
| Alwine | Lynne | $9,563.36 |
| Anderson | Tajanae | $3,187.79 |
| Anderson | Kristi | $177.10 |
| Anteparra | Jose | $5,578.63 |
| Blazina | Melissa | $11,600.00 |
| Blose | Paula | $4,870.23 |
| Caramila | Carole | $11,865.65 |
| Cave | Allison | $15,850.38 |
| Cedeno | Trinidad | $14,787.79 |
| DeAngelo | Rodney | $442.75 |
| Decker | William | $5,224.43 |
| Deitzer-Harvey | Maggie | $10,891.60 |
| Ephraim | Meyers | $10,625.95 |
| Flinn | Doree | $9,917.56 |
| Ford | Shanaya | $7,526.72 |
| Gerenda | Tammy | $15,761.83 |
| Gething | Rachel | $18,418.32 |
| Gibson | Felicia | $14,345.04 |
| Haberkorn | Cristy | $4,870.23 |
| Henretty | Kelly | $12,662.60 |
| Henry | Kelly | $2,125.19 |
| Hoherchak | Elizabeth | $4,604.58 |
| Holsopple | Joel | $1,682.44 |
| Jordano | Alexa | $15,319.08 |
| Keefe | Kristin | $4,427.48 |
| Kemmer | Karen | $15,319.08 |
| Kifer | Robert | $6,375.57 |
| Kuehne | Kyle | $6,287.02 |
| Layton | Elise | $8,412.21 |
| Levesque | Angelica | $10,625.95 |
| Lindblom | John | $3,010.69 |
| McCracken | Kelly | $18,152.67 |
| Murphy | Shannon | $5,047.33 |
| Newcomb | Margaret | $3,276.34 |
| Orndorff | April | $8,589.31 |
| Raffensberger | Andrea | $1,239.69 |
| Renshaw | Jamie | $2,567.94 |
| Resick | Cynthia | $15,584.73 |
| Roberts | Jerry | $9,917.56 |
| Russell | Kimberly | $7,349.62 |
| Russell | Rudy | $1,859.54 |
| Shupe | Heidi | $6,552.67 |
| Stahley | Danielle | $6,729.77 |

# EXHIBIT A

| | | |
|---|---|---:|
| Swartz | Dawn | $8,323.66 |
| Thompson | Jessica | $6,818.32 |
| Wadkins | Steve | $4,073.28 |
| White | Azasha | $10,183.21 |
| Williams | Cristine | $796.95 |
| Wright | Alissa | $7,438.17 |
| Yusko | Cynthia | $15,141.98 |
| **TOTALS:** | | **$406,000.00** |

# Exhibit B

## **RELEASE OF CLAIMS**

I, [**INSERT NAME**], understand that I am a plaintiff in one of the following lawsuits: *Anderson v. Liberty Healthcare Corporation, et al.*, 2:20-cv-03014 or *Williams v. Liberty Healthcare Corporation, et al.*, 2:21-cv-00691 ("the Actions"). The Actions are pending in the United States District Court for the Eastern District of Pennsylvania ("the Court").

I understand that the Actions have been settled and that, if the Court approves the settlement, Defendants Liberty Healthcare Corporation, Sargent's Personnel Agency, Inc., and Advance Sourcing Concepts LLC (together "the Companies") will make a total combined settlement payment of $585,000 to be divided as follows: (i) $406,000 will be divided among myself and the other 49 plaintiffs covered by the Actions; (ii) $169,000 (equaling approximately 29% of the total payment) will be paid to Winebrake & Santillo, LLC as attorney's fees and expenses; and (iii) $5,000.00 service awards payments will be paid to the two individuals who originated the lawsuit.

I understand that the settlement will become final ***only if*** the Court approves the settlement as fair and reasonable. I also understand that, if the settlement is approved, I will receive a pre-tax payment of $[***insert individual's Payment Amount***] ("Settlement Payment"). I want to receive this Settlement Payment.

I understand that my Settlement Payment will be made by payroll check, will be reduced by all taxes and withholdings ordinarily paid by employees, and will be reflected in an IRS W-2 form mailed to me at the end of the year.

I understand and agree that, in exchange for my Settlement Payment, I (on behalf of myself and my heirs, spouse, executors, assigns, and/or representatives) **RELEASE** the Companies (as defined above) and any of their parents, franchisors, partners, subsidiaries, owners, officers, directors, members, affiliates, predecessors, agents, employees, successors, assigns, representatives, and/or other persons or entities acting on their behalf from all legal or equitable claims (including, but not limited to, claims for the reimbursement of liquidated damages, interest, penalties, attorney's fees and litigation costs and expenses) arising prior to the date on which the Court approves the settlement and either asserted in or reasonably related to the Action, including but not limited to all such claims for unpaid regular or overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.*, or any other federal, state, or local statute, regulation, rule, or common law theory.

I have not assigned or transferred, or purported to assign or transfer, to any other person or entity any rights or interests pertaining to the Actions, the settlement, or this Release of Claims.

I have had an opportunity to discuss the settlement and this Release of Claims with my lawyers from the law firm Winebrake & Santillo, LLC. I agree, of my own free will and without any duress or coercion of any kind, to be bound by the terms of this Release of Claims if the Court approves the settlement of the Actions.

_____                                    _____
**Date**                                                                              **Signature**

**Mail my settlement check to:** _____