IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAJANAE ANDERSON, on behalf of herself and others similarly situated, | : : : : | 2:20-cv-03014-RAL |
| v. | : : : | |
| LIBERTY HEALTHCARE CORPORATION and SARGENT'S PERSONNEL AGENCY, INC. | : : : : | |
| CRISTINE WILLIAMS, on behalf of herself and others similarly situated,<br>Plaintiff,<br>v. | : : : : : : : | 2:21-cv-00691-RAL |
| LIBERTY HEALTHCARE CORPORATION and ADVANCE SOURCING CONCEPTS LLC | : : : : | |

**ORDER**

**AND NOW**, this  22nd  day of  November , 2021, upon consideration of Plaintiff's "Unopposed Motion for Approval of Settlement" ("Motion"), the accompanying "Collective Action Settlement Agreement," the accompanying Declaration of Peter Winebrake, the accompanying Memorandum of Law, and all other papers and proceedings herein, it is hereby **ORDERED** that the settlement of this action, which includes a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*, is **APPROVED**.

Where, as here, an FLSA lawsuit is settled on behalf of "opt-in" plaintiffs who have joined a "conditionally certified" collective, judicial review of the settlement often includes a determination of whether final (a.k.a. "second-stage") certification of the collective is warranted. *See*, *e.g.*, *Galt v. Eagleville Hospital*, 310 F. Supp. 3d 483, 492-93 (E.D. Pa. 2018); *Altnor v.*

*Preferred Freezer Services, Inc.*, 197 F. Supp. 3d 746 (E.D. Pa. 2016).  In this regard, courts "may consider 'whether the plaintiffs are employed in the same corporate department, division, and location; whether they advance similar claims; whether they seek substantially the same form of relief; and whether they have similar salaries and circumstances of employment.'"  *Id.* (*quoting Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536-37 (3d Cir. 2012)).  Here, final certification of an FLSA collective comprised of the 50 Plaintiffs is warranted.  During the relevant time period, all Plaintiffs worked in Pennsylvania as APS Investigators pursuant to a standardized job description, were paid salaries, and were uniformly classified as overtime-exempt.  Moreover, all Plaintiffs pursue the common legal theory that Defendants erred by classifying the APS Investigator position as overtime-exempt.  Final certification is warranted when employees seek to settle an FLSA lawsuit based on a common "misclassification" theory such as the one asserted in this litigation.  *See, e.g.*, *Hall v. Accolade, Inc.*, 2020 WL 1477688, 2020 U.S. Dist. LEXIS 52632, *15-16 (E.D. Pa. Mar. 25, 2020).

      Next, this Court generally reviews FLSA settlements to ensure that they represent "'a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Adams v. Bayview Asset Management, LLC*, 11 F. Supp. 3d 474, 476 (E.D. Pa. 2014) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *accord Howard v. Philadelphia Housing Authority*, 197 F. Supp. 3d 773, 777 (E.D. Pa. 2016).  In this regard, an FLSA settlement will be approved if it: (1) resolves a *bona fide* dispute under the FLSA; (2) is "fair and reasonable for the employee(s);" and (3) "furthers the FLSA's implementation in the workplace."  *Id.*  The Court finds that each of these requirements is satisfied.  First, the settlement resolves a *bona fide* dispute because Defendants retained skilled counsel, filed

2

answers denying liability, and continued to leverage their merits arguments throughout the settlement proceedings.  Second, the settlement is "fair and reasonable" because, as discussed in Plaintiffs' memorandum of law, seven of the nine *Girsh* factors[1] favor approval of the settlement, and the remaining two factors are neutral.  Third, the settlement "furthers the FLSA's implementation" because "there are no overly burdensome confidentiality agreements, overbroad release language, or sealed filings."  *VanOrden v. Lebanon Farms Disposal, Inc.*, 2019 U.S. Dist. LEXIS 181897, *4 (M.D. Pa. Oct. 18, 2019).

      In addition, courts reviewing FLSA settlements must ensure that the attorney's fees and expenses paid to plaintiffs' counsel are reasonable.  *See, e.g.*, *Howard*, 197 F. Supp. 3d at 780-82.  Here, the settlement provides Plaintiffs' counsel from Winebrake & Santillo, LLC ("W&S") with a total payment of $169,000 for attorney's fees and expenses.  After reducing this amount by $1,420 in expenses, we are left with a $167,580 attorney's fee, which constitutes 28.65% of the $585,000 settlement fund.  As discussed in Plaintiffs' memorandum of law, this fee is reasonable under the widely-utilized *Gunter* factors.[2]  Moreover, the fee's reasonableness is further confirmed by submissions indicating that it results in an acceptable "lodestar multiplier" of 1.82 when compared to Plaintiffs' counsel's reported lodestar using hourly rates described in the Philadelphia Community Legal Services fee schedule.

      Finally, the Court finds that the requested $5,000 service awards to Originating Plaintiffs Tajanae Anderson and Cristine Williams are reasonable in view of their contributions to the instant litigation and settlement.  As discussed in Plaintiffs' memorandum of law, these service awards fall within the range of awards in other FLSA collective settlements.

---

[1]  *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975).
[2]  *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000).

Accordingly, the settlement is **APPROVED** and this action is **DISMISSED WITH PREJUDICE**, although the Court will retain jurisdiction over any disputes pertaining to the enforcement of the settlement.

**IT IS SO ORDERED**.

BY THE COURT:

*s/Richard A. Lloret*
_____
RICHARD A. LLORET
U.S. MAGISTRATE JUDGE